UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DUANIA DUCHARME, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 5:19-cv-00198-LCB |
| | ) |
| SOCIAL SECURITY ADMINISTRATION, COMMISSIONER | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

On February 1, 2019, the Plaintiff Duania Ducharme filed a complaint (Doc. 1) seeking judicial review of an adverse final decision of the Commissioner of the Social Security Administration ("the Commissioner") pursuant to 42 U.S.C. § 405(g). The Commissioner filed an answer to the complaint on May 7, 2019. (Doc. 5). The Plaintiff filed a brief in support of her position on July 8, 2019, (Doc. 9) and the Commissioner filed a brief in support of the decision on August 9, 2019 (Doc. 10). The Plaintiff also filed a reply brief on September 2, 2019. (Doc. 13). Therefore, this issue is ripe for review. For the following reasons stated below, the final decision of the Commissioner is affirmed.

**I.      BACKGROUND**

1

The Plaintiff protectively filed for a period of disability and disability insurance benefits on December 30, 2009 (R. 20). She alleged that her disability began on January 1, 1990. (*Id*). Her claim for benefits was initially denied on April 20, 2010, and the Plaintiff subsequently filed a request for a hearing before an Administrative Law Judge (ALJ) on June 19, 2010. (*Id*). The Plaintiff appeared before ALJ Cynthia Weaver on August 4, 2011. (*Id*). The ALJ denied the Plaintiff's claim on November 4, 2011, but the Appeals Council reviewed and remanded her decision on August 8, 2013. (R. 212).

The Plaintiff reappeared before the ALJ on January 14, 2014. (R. 68). She testified at the hearing and was questioned by her attorney and the ALJ. (R. 68, 75). Additionally, vocational expert Melissa Neel testified at the hearing. (R. 103). The Plaintiff later amended her onset disability date to December 30, 2009. (R. 20). The ALJ issued her opinion on April 16, 2014 (R. 42). When she issued her opinion, the ALJ used the five-step evaluation process promulgated by the Social Security Administration to determine whether an individual is disabled. (R. 21). The ALJ made the following determinations:

1. The Plaintiff has not engaged in substantial gainful activity since December 30, 2009, the alleged amended onset date of the disability. (R. 22).

2. The Plaintiff has the following severe impairments: seizure disorder not otherwise specified (pseudo seizure), persistent small right pulmonary artery embolism, chronic obstructive pulmonary disease (due to tobacco

abuse), bipolar disorder, anxiety, and polysubstance abuse (alcohol, tobacco, marijuana, pills). (R. 22-23).

3. The Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (R. 24).

4. The Plaintiff has the residual functional capacity (RFC) to perform sedentary work as defined by the Regulations. She is limited to occasional postural maneuvers. She should avoid: concentrated hot and cold temperature extremes; extreme humidity; concentrated dusts, odors, fumes, gases, and poor ventilation; dangerous moving unguarded machinery; unprotected heights; large bodies of water; and commercial driving. She is able to understand, remember, and carryout simple instructions. She is limited to jobs involving infrequent and well-explained workplace changes and limited to casual non-intensive interaction with coworkers. She is able to concentrate and remain on task for two hours at a time sufficient to complete an eight-hour workday. (R. 27).

5. The Plaintiff has no past relevant work. (R. 40).

6. The Plaintiff was born on October 15, 1970, and was 39 years old, which is defined as a younger individual age 18-44, on the date the application was filed. The Plaintiff subsequently changed age category to a younger individual age 45-49. (*Id.*).

7. The Plaintiff has at least a high school education and can communicate in English. (*Id.*).

8. A determination of transferability of job skills is not material to the determination of disability as the Medical-Vocational Rules support a finding that the Plaintiff is not disabled. (R. 41).

9. With the Plaintiff's age, education, work experience, and RFC, there are a significant number of jobs in the national economy she can perform. (*Id.*).

10. The Plaintiff has not been under a disability as defined in the Social Security Act, from December 30, 2009, through the date of the ALJ's decision on August 28, 2015. (R. 42).

After the ALJ denied her claim, the Plaintiff requested an appeal to the Appeals Council and was denied on February 1, 2019. (R. 1). At that point, the ALJ's decision became the final decision of the Commissioner. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015). The Plaintiff filed this action on February 1, 2019. (Doc. 1).

## II. DISCUSSION

The Social Security Administration (SSA) is authorized to pay Supplemental Security Insurance (SSI) and disability insurance to claimants that have a disability. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018) (citing *Barnhart v. Thomas*, 540 U.S. 20, 21 (2003)). Title II of the Social Security Act defines disability as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* at 1358-59. (citing 42 U.S.C. §§ 423 (d)(1)(A)).

### A. Standard of Review

The Court reviews "de novo the legal principles upon which the ALJ relied, but [is] limited to assessing whether the ALJ's resulting decision is supported by substantial evidence." *Henry*, 802 F.3d at 1266-67. "Substantial evidence is more than a scintilla and is such relevant evidence that a reasonable person would support

its conclusion." *Winshel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Crawford v. Comm'r of Soc. Sec.*, 631 F.3d 1155, 1158 (11th Cir. 2004)). The Court does not "decide facts anew, mak[e] credibility determinations, or reweigh the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The Court instead "must scrutinize the record as a whole in determining whether the ALJ reached a reasonable decision." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

### B. Five Step Sequential Evaluation

In order to determine if a claimant has a disability, the SSA regulations mandate that an ALJ must follow a five-step sequential evaluation while evaluating a disability claim. *See* 20 C.F.R. §§ 404.1520; 416.920. Pursuant to the regulations, the ALJ must proceed with his analysis as follows:

1. Is the claimant engaged in substantial gainful activity? If "yes" the claimant is not disabled and the analysis ends here. If the answer is "no," proceed to the next step of the analysis. 20 C.F.R. § 404.1520.

2. Does the claimant have a medically determinable physical or mental impairment or combination of impairments that meets the duration requirements of 20 C.F.R. § 404.1509? If "no," the claimant is not disabled. If "yes," proceed to the next step of the analysis. *Id.*

3. Does the claimant have an impairment that equals a listed impairment in 20 C.F.R. § 404, Subpart P Appendix 1 and meets the durational requirements of 20 C.F.R. § 404.1509? If "yes" the claimant is disabled. If "no," proceed to the next step of the analysis. *Id*.

4. Does the claimant have the residual functional capacity (RFC) to return to past relevant work? If "yes" the claimant is not disabled. If no, proceed to the final step of the analysis. *Id.*

5. Does the claimant's RFC, age, education, and work experience allow him or her to make an adjustment to other work? If "no," the claimant is disabled. If "yes," the claimant is not disabled. *Id.*

Initially, the claimant bears the burden of proof regarding the first four steps of the above analysis. *Washington,* 906 F.3d at 1359. The claimant carries a particularly heavy burden when showing why he or she cannot engage in past relevant work. *Id.* After the fourth step, the burden then shifts to the Commissioner to determine if there are jobs in the national economy that the claimant can perform. *Id.* However, while the burden shifts to the Commissioner at step five, the burden ultimately falls to the claimant to show a disability exists. *Id.* (citing *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

**C. The Plaintiff's Contentions**

The Plaintiff alleges the ALJ erred in two ways when finding she was not disabled. First, the Plaintiff argues the ALJ improperly found that her seizure disorder did not meet a listed impairment. The Plaintiff also argues that the ALJ did not present a "full and complete" hypothetical to the Vocational Expert. (Doc. 13 at 13). However, the Plaintiff did not provide any argument or supporting law to support this second claim. While the Plaintiff argues in her reply brief that this claim was addressed in her initial brief (Doc. 13 at 1), the Court finds no discussion of how

the ALJ failed to formulate a correct hypothetical to the Vocational Expert. Therefore, this issue is waived. *See N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.")

### 1. The ALJ properly determined that the Plaintiff's seizure disorder did not meet a listed impairment.

The Plaintiff argues that her pseudo-seizure impairment should have been considered a listed impairment under 11.02(A) of the medical listings. (Doc. 9 at 18). She contends the ALJ improperly determined that she was non-compliant with her medication without considering her poverty. (Doc. 9 at 6). The Plaintiff also claims that her mother's testimony and medical records support the severity of her epilepsy seizures. (*Id.* at 10-11). Her mother testified that the Plaintiff's seizures caused her to lose consciousness and lose control of her body. (*Id.* at 10). The ALJ noted that the Plaintiff did not meet the listing under 11.02 because of her noncompliance with medication and the documented infrequency of her seizures. (R. 25).

For the Plaintiff to meet a listed impairment under 11.02(A), she must demonstrate her seizures "occur[] at least once a month for at least 3 consecutive months despite adherence to prescribed medical treatment. 20 C.F.R. Part 404, Subpart P, Appendix 1, 11.02(A). *See also* 20 C.F.R. § 404.1525. Substantial

7

evidence supports the ALJ's decision to find the Plaintiff did not meet a listed impairment under 11.02(A). While the Plaintiff and her mother reported frequent and debilitating symptoms from her seizures, the objective medical evidence does not substantiate these claims. For example, throughout Plaintiff's extensive treatment history, there are records that provide Plaintiff experienced few symptoms or complications related to her seizures. *See e.g.* (R. 747, 752, 781, 967, 1711, 1208, 1425, 1997, 3390, 3333, 3548). Further, other examination notes provide that the Plaintiff demonstrated normal neurological findings. *See e.g.* (R. 1095, 1208, 1274, 1673, 1681, 1718, 2200, 2411, 2748, 2804, 3550).

The Plaintiff is correct in noting that poverty can excuse a claimant's noncompliance with medical treatment. *See Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003). If "an ALJ relies on noncompliance as the sole ground for the denial of disability benefits, and the record contains evidence showing the claimant is financially unable to comply with prescribed treatment, the ALJ is required to determine whether the claimant was able to afford the prescribed treatment." *Id*. The ALJ noted that the Plaintiff was not buying her medication but was purchasing tobacco and illegal drugs instead. (R. 25). The Plaintiff's medical record and testimony indicates she continued to use tobacco products and smoke marijuana after her amended onset disability date. *See e.g.* (R. 68, 963, 1003, 1624). Further, while the ALJ noted the Plaintiff's noncompliance with medical treatment, she specifically

stated the Plaintiff did not meet a listed impairment in part because the frequency of her seizures was not supported by the record. Accordingly, the ALJ did not err regarding this claim.

## III. CONCLUSION

For these reasons, and the Court being otherwise sufficiently advised, it is **ORDERED** that the final decision of the Commissioner is **AFFIRMED**. A final judgment will be entered separately.

**DONE** and **ORDERED** this March 30, 2020.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE